# The Lancaster Cemetery Tax Appeal

*R. Roberts Appel, 2nd, Appel, Ranck, Herr & Appel,* for appellant.

*Carl G. Herr,* for appellee.

JOHNSTONE, J., May 14, 1965.—This appeal by the Lancaster Cemetery Company is from the assessment for county tax purposes for the year 1965 of the premises known as no. 205 East Lemon Street, Lancaster, Pennsylvania. The appeal is based on the contention that the property is exempt from taxation by reason of its being used in connection with a burial ground not operated for private or corporate profit. Testimony was offered concerning the use of the real estate in question and the case has been argued before the court sitting en banc.

The burden rests on the cemetery to bring its claim for exemption within the exemption statute and in determining whether an exemption is proper, the statutory provisions will be given a strict, not a liberal, construction: University of Pittsburgh Tax Exemp-

tion Case, 407 Pa. 416. Article IX, sec. 1 of the Constitution authorizes the General Assembly, by general laws, to exempt from taxation, places of burial not used or held for private or corporate profit. Accordingly, The General County Assessment Law of May 22, 1933, P. L. 853, as amended, 72 PS §5020-204 provides: "The following property shall be exempt from all . . . county tax, to wit: (b) All burial grounds and all mausoleums, vaults, crypts or structures intended to hold or contain the bodies of the dead, not used or held for private or corporate profit."

It has been stipulated that the assessed value of the real estate is $2,270 based on a fair market value of $9,080 and that the cemetery was not organized and is not operated for private or corporate profit. No. 205 East Lemon Street is a 2½ story dwelling which is contiguous to the cemetery, the fence surrounding the cemetery being attached to the house. The superintendent of the cemetery and his family live in the dwelling and pay no rent. The office and telephone of the cemetery are located in the dwelling, and the cemetery records are kept there. The equipment to operate the cemetery is stored, repaired and maintained in a small shop in the rear of the house.

The superintendent supervises and works in the cemetery, mowing and trimming the grass, caring for the trees and shrubbery, maintaining the tombstones, locating, opening and closing graves, repairing and maintaining the equipment, keeping the records of interments and the financial records, protecting the cemetery day and night from undesirables, drunks, tramps, children and vandals, and rendering necessary services to funeral directors and the public. The trustees of the cemetery consider that it is necessary and essential to the efficient operation of the cemetery to have the superintendent live and keep the records in the dwelling located on the grounds.

The front room on the first floor and an adjoining powder room are used by the superintendent's wife as a beauty parlor. Such a use, obviously, does not contribute in any way and is not necessary to the maintenance or operation of the cemetery. While the beauty parlor contributes no income to the cemetery, it is a profit-making project and that portion of the dwelling could not possibly be exempt from taxation.

Counsel for the board argues that under a strict construction of the exemption statute, the dwelling in question should not be exempt from taxation since no bodies of the dead are buried or contained there and since the operation and maintenance of the cemetery could be carried on by the superintendent and trustees from a place other than one located on and owned by the cemetery. Such a construction is more strict than that placed on the statute in Braddock Catholic Cemetery Company's Appeal, 59 D. & C. 408. In that case the court exempted from taxation a dwelling used as an office and to house the assistant superintendent, and in doing so drew an analogy between public charities and burial grounds.

In the case of public charities, the appellate courts, such as in the University of Pittsburgh case, supra, have held that the actual use to which the property is put is the nub of the controversy and if the property is an integral part of the function and objectives of the charity, then it is exempt from taxation. In Ivy Hill Cemetery Company's Appeal, 120 Pa. Superior Ct. 340, the court stated at page 345, "The law applicable to cemeteries is not materially different than that applied to religious, educational, and charitable undertakings." The Superior Court further indicated in that case that it is the use to which the land is put which determines its tax status.

We are satisfied that the real estate in question, with the exception of that part used as a beauty parlor,

is used as an adjunct to and as an integral part of the operation and maintenance of the cemetery. It is, therefore, exempt from taxation to the extent so used. The beauty parlor and adjoining powder room are approximately fifteen percent of the entire structure and to that extent, the property is taxable.

And now, May 14, 1965, the appeal of the Lancaster Cemetery Company as to eighty-five percent of the assessed valuation of no. 205 East Lemon Street, Lancaster, Pennsylvania, is sustained, and the Board for the Assessment and Revision of Taxes of the County of Lancaster is directed to exempt eighty-five percent of said real estate from taxation.